## KOCH v. SEMKEN et al.

(Supreme Court, Special Term, New York County. February 7, 1908.)

WILLS—CONSTRUCTION—DEATH OF LEGATEE—ACCUMULATIONS—DISPOSITION.

A testator, after providing for funeral expenses and debts, and bequeathing to his widow his household furniture, bequeathed to her while she remained unmarried the income of the residue of his entire estate, and upon her remarrying one-third of the income thereof, the remaining two-thirds to be accumulated for his children and to be paid them upon becoming of age, and upon the death of the wife the entire estate to go to the children, and upon their death before the death of the wife without lawful issue the estate to go to testator's brothers and their heirs upon the wife's death, but made no disposition of the two-thirds of the income in the event of the death of his children. *Held* that, upon the death of testator's only child, the widow having remarried, the accumulations provided for in the will for his benefit passed to the next eventual estate provided for in the will, his one living brother and the representative of a deceased brother, but the residuary estate could not be distributed until after the death of the widow.

Action by John Valentine Koch, as trustee under the will of John H. Semken, deceased, against Anna Semken and others to construe certain clauses in decedent's will. Findings and decree in accordance with views expressed in opinion.

Paul Bonynge, for plaintiff.
Jacob I. Bergen, for defendant Anna Semken.
Lewis S. Goebel, for George F. Semken.
Roy, Watson & Naumer, for guardian ad litem.
McKeen, Brewster & Morgan, for defendant Anna H. Clarke.

NEWBURGER, J. John Henry Semken died on November 16, 1871, leaving him surviving the defendant Anna, his widow, and John Henry Semken, Jr., a posthumous child, who was born on January 27, 1872, and who died, without issue, on May 17, 1895. The widow intermarried with the testator's brother, Claus D., on January 27, 1876. Claus D. died intestate on December 10, 1883, leaving him surviving his widow, Anna (who was also the widow of John Henry), and the defendants Christine Beckwith and Anna S. Clarke, children. Frederick W. Semken, a child of this latter marriage, died on October 3, 1906, survived by two children, the defendants Raymond and Louise. The testator's remaining brother is the defendant George F., who is

still alive.   John Henry Semken left a will which was admitted to probate by the surrogate of New York county on December 2, 1871. The trustee named therein died in 1888, and this plaintiff was appointed his successor.   In this will, after providing for the payment of the funeral expenses and debts, and bequeathing to his widow his household furniture, etc., he provides as follows:

"Third. I give all the rest, residue and remainder of my estate both real and personal to my executors hereinafter named, in trust, to be so held by them, for and during the natural life of my said wife; and the interest and income arising therefrom as the same shall from time to time accrue and accumulate, shall be appropriated as hereinafter directed. * * *

"Fifth. I direct my executors to pay to my said wife so long as she remains my widow and unmarried, the interest and income of all my estates both real and personal, of what nature or kind soever.

"Sixth. Should my said wife again marry, then from and after such marriage, I give and bequeath to her the interest and income of one third of all my estate of what nature or kind soever, for and during her natural life, which is to be received and accepted by her, in lieu and full of all dower and right of dower in my estate, and the remaining two thirds are to be retained by my executors until the death of my said wife, subject to the provisions hereinafter made.

"Seventh. After the marriage of my said wife, in case she shall again marry, I give to such child or children as I may have by her, as they severally become of age, the interest and income of the said remaining two thirds of my estate share and share alike, to be paid when they become of age, for and during the life of my said wife.

"Eighth. After the death of my said wife, I give, devise and bequeath all my estate both real and personal to such child or children as I may have with my present wife, to him, her or them and to his, her or their heirs and assigns forever, share and share alike, the same to be paid to such child or children, when they severally become of age.   Should any of my children die before my said wife, leaving lawful issue, then such issue shall receive the share or portion their parent would have been entitled to if living, when they severally become of age, or if any should die without issue then his, her or her share shall go to my other children share and share alike.

"Ninth. Should my children all die before my said wife, without leaving lawful issue, then after the death of my said wife, I give, devise and bequeath all my estate, both real and personal, of what nature or kind soever, to my brothers George F. Semken and Claus D. Semken, and to their heirs and assigns forever, share and share alike."

This action is now brought to construe these clauses of the will. It is conceded that the widow upon her remarriage forfeited her right to two-thirds of the income, and that she is entitled to the remaining one-third up to her death, and that no provision is made as to the disposition of the two-thirds of the income after the death of the testator's only son, John Henry, Jr.

The next question to be determined is:   What disposition is to be made of the two-thirds of the income of the estate?   It is apparent from the reading of the will that the testator's scheme of the accumulation was for the benefit of his son during his minority, and that, when his son died, there remained no testamentary provision for future accumulation.   Under the provisions of both Real Property Law, Laws 1896, p. 559, c. 547, and Personal Property Law, Laws 1897, p. 507, c. 417, as well as under the numerous decisions, the accumulations after the death of the son became invalid and passed to the presumptive owners of the next eventual estate.   Therefore the two-thirds ac-

cumulation after May 17, 1895, the date of the death of the son of the deceased, should be paid to the brother, George F. and the administratrix of Claus D. Semken.

Reference has been made to proceedings in the Surrogate's Court. While it is true that an account was filed by the trustee, there appears to be no decree by the surrogate directing a distribution of the accumulation. The residuary estate cannot be distributed until after the death of the widow.

Submit findings and decree in accordance with the views herein expressed.